UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| FLOYD ARMBRESTER,<br>　　　　Plaintiff,<br>　　v.<br>ALAMEDA COUNTY,<br>　　　　Defendant. | Case No. 17-cv-05231-LB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br>Re: ECF No. 46 |

## INTRODUCTION

In the fall of 2015, plaintiff Floyd Armbrester was detained for several hours at the Glen Dyer jail in Oakland. Mr. Armbrester, who is wholly blind and suffers from physical impairments, brings a claim under Title II of the Americans with Disabilities Act (ADA) against Alameda County, which operates the Glen Dyer facility, alleging that the County failed to reasonably accommodate his disabilities.

The court dismissed Mr. Armbrester's prior complaint (his Second Amended Complaint) because Mr. Armbrester did not plead that he was excluded from participation or denied the benefits of the County's services, programs, or activities, or that the County otherwise discriminated against him by reason of his disabilities, and therefore did not plead an ADA Title II claim. *Armbrester v. Alameda Cty.*, No. 17-cv-05231-LB, 2018 WL 4181898 (N.D. Cal. Aug. 30,

2018).[1] The court granted Mr. Armbrester leave to amend. Mr. Armbrester filed a Third Amended Complaint ("TAC"), in which he pleads that he was denied access to use a phone in his cell (the "service" he claims he was denied) because the County failed to provide him with a blind cane that he could use to navigate his cell to access the phone. The County again moved to dismiss, and the court held a hearing on November 1, 2018.

Mr. Armbrester brings a claim only for money damages, not for injunctive relief, which means he must plead that, among other things, the County acted with deliberate indifference. Mr. Armbrester does not plead that the County denied him the benefit of a service, program, or activity or discriminated against him out of deliberate indifference. The court dismisses the complaint. Because Mr. Armbrester has had four bites at the apple and has failed to plead a cognizable claim, dismissal is with prejudice.

## STATEMENT[2]

Plaintiff Floyd Armbrester is wholly blind and suffers from severe physical impairments, including having steel rods implanted in his arms, a detached finger, and traumatic brain injury.[3] On September 9, 2015, Mr. Armbrester was arrested by the Berkeley City Police and taken to the Berkeley City jail.[4] The circumstances surrounding Mr. Armbrester's arrest and his treatment at the Berkeley City jail are not at issue in this case.[5]

At some point after Mr. Armbrester's arrest, the Alameda County Sheriff's Department picked him up and took him to the Glen Dyer jail in Oakland.[6] Upon arriving at the Glen Dyer jail, the

---

[1] Order – ECF No. 45. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Unless otherwise noted, the facts recited in the Statement are allegations from the Third Amended Complaint ("TAC").

[3] TAC – ECF No. 46 at 2 (¶ 4).

[4] *Id.* (¶ 5).

[5] Mr. Armbrester's interactions with the Berkeley City Police were the subject of another case in this district that is now closed. *Armbrester v. City of Berkeley*, No. 3:16-cv-04615 (N.D. Cal. filed Aug. 12, 2016) (*Armbrester I*).

[6] TAC – ECF No. 46 at 2 (¶ 6).

1  Sheriff's Department initially placed Mr. Armbrester with the general jail population and not in a
2  holding cell designed to accommodate a person with his disabilities.[7] Mr. Armbrester asked not to
3  be placed in general population, due to his being blind and vulnerable.[8] Mr. Armbrester claims that
4  the County never accommodated his request to not be placed in general population.[9]

Mr. Armbrester was not provided a blind cane while he was being detained at the Glen Dyer jail.[10] Mr. Armbrester alleges that as a result of not having a blind cane, he hurt his legs as he tried to navigate his cell in order to try to access the phone and ultimately was not able to access the phone.[11]

After several hours, the charges against Mr. Armbrester were dropped and he was released.[12]

**STANDARD OF REVIEW**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . . ." *Id.* (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

---

[7] *Id.* (¶ 7).
[8] *Id.* (¶ 8).
[9] *Id.*
[10] *Id.* at 3 (¶ 10).
[11] *Id.* (¶ 11).
[12] *Id.* (¶ 9).

ORDER – No. 17-cv-05231-LB            3

the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

If a court dismisses a complaint, it ordinarily will grant leave to amend, but "[i]t is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (citing *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1292–93 (9th Cir. 1983)).

# ANALYSIS

## 1. Governing Law

Title II of the ADA, 42 U.S.C. § 12131 et seq., prohibits discrimination on the basis of a disability in the programs, services, or activities of a public entity. Federal regulations generally require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7)(i).

The elements of an ADA Title II claim are: (1) "[the plaintiff] is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Updike v. Multnomah Cty.*, 870 F.3d 939, 949 (9th Cir. 2017) (some internal quotation marks omitted) (quoting *Duvall v. City of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001)). "This provision extends to discrimination against inmates detained in a county jail." *Id.* (citing *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998)).

A plaintiff must allege what services the defendant denied him. *See Wright v. TNDC*, No. 18-CV-02196-LB, 2018 WL 2215916, at *2 (N.D. Cal. May 14, 2018) (dismissing complaint where plaintiff did not allege what services the defendants denied him); *accord Sullivan v. City of Berkeley*, No. C 17-06051 WHA, 2018 WL 489011, at *4 (N.D. Cal. Jan. 19, 2018) (general allegations that defendants do not evaluate or accommodate individuals with visual disabilities is insufficient to show how plaintiff was "excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or otherwise discriminated against by the public entity").

The ADA is not a public-safety statute. "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)). "[T]he ADA was not designed to protect those with disabilities from personal injuries . . . . Indeed, 42 U.S.C. § 12101(b) expressly states that the purpose of the ADA is 'the elimination of discrimination against individuals with disabilities.' . . . There was no mention of promoting safety or eliminating hazards in the Act[.]" *Levin v. Dollar Tree Stores, Inc.*, No. 06-00605, 2006 WL 3538964, at *3 (E.D. Pa. Dec. 6, 2006) (some internal quotation marks omitted) (quoting *White v. NCL Am., Inc.*, No. 05-22030-CIV, 2006 WL 1042548, at *5 (S.D. Fla. Mar. 8, 2006)). "'[W]hile protection from injury for the disabled is no doubt a fortunate by-product of the ADA, it is clear that the statute was not designed with that purpose in mind[.]'" *Hunter ex rel. A.H. v. District of Columbia*, 64 F. Supp. 3d 158, 189 (D.D.C. 2014) (quoting *White*, 2006 WL 1042548, at *5).

Compensatory damages are not available under Title II of the ADA absent a showing of discriminatory intent. *Updike*, 870 F.3d at 950 (citing *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998)). "To show intentional discrimination, this circuit requires that the plaintiff show that a defendant acted with 'deliberate indifference,' which requires 'both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood.'" *Id.* at 950–51 (ellipsis omitted) (quoting *Duvall*, 260 F.3d at 1139). "'When the plaintiff has alerted the public entity to his need for accommodation (or where the need for accommodation is obvious, or required by statute or regulation), the public entity is on notice that

an accommodation is required, and the plaintiff has satisfied the first element of the deliberate indifference test.'" *Id.* at 951 (quoting *Duvall*, 260 F.3d at 1139). "To meet the second prong, the entity's failure to act 'must be a result of conduct that is more than negligent, and [must] involve[] an element of deliberateness.'" *Id.* (quoting *Duvall*, 260 F.3d at 1139).

Punitive damages may not be awarded in suits brought under Title II of the ADA. *Barnes v. Gorman*, 536 U.S.181, 189 (2002).

### 2. Application

Mr. Armbrester seeks only compensatory damages plus attorney's fees, not injunctive relief.[13] The deliberate-indifference standard therefore applies to his claims. Mr. Armbrester does not cognizably allege that the County denied him a service by reason of his disabilities out of deliberate indifference.

Mr. Armbrester alleges that the defendants did not provide him with a blind cane and, as a result, he could not navigate his cell "to access the benefits and services of using the phone."[14] Assuming without deciding that access to the phone in a jail cell is a "service," Mr. Armbrester does not allege that the defendants denied him access to the phone out of deliberate indifference. Mr. Armbrester does not plead that he ever asked the County either for a blind cane or for assistance in accessing the phone. Nor does Mr. Armbrester plead facts from which the court can assume that it was obvious to the County that Mr. Armbrester needed an accommodation to access the phone and the County failed to act. *Cf. Villa v. Dep't of Corr.*, 664 F. App'x 731, 733–34 (10th Cir. 2016) (dismissing ADA claim of a legally blind prisoner that he was denied access to law library because "it [does not] appear that he requested accommodations at [the prison] or that his need for an accommodation was obvious"); *Anderson v. Cal. Dep't of Corr. & Rehabilitation*, No. 15-cv-02013-MEJ, 2016 WL 7013246, at *2 (N.D. Cal. Dec. 1, 2016) (dismissing ADA claim by

---

[13] TAC – ECF No. 46 at 4. Mr. Armbrester originally claimed both compensatory and punitive damages, *id.*, but he concedes in his opposition to the County's motion to dismiss that he cannot seek punitive damages on an ADA claim. Pl. Mot. to Dismiss Opp'n – ECF No. 48 at 7.

[14] TAC – ECF No. 4 (¶ 15).

a legally blind prisoner who claimed he needed assistance in cleaning his cell because "Plaintiff has failed to plead the factual content that would allow the Court to draw the reasonable inference that the failure was intentional, rather than inadvertent"); *Bacon v. Beard*, No. 15-cv-4477-LB, 2015 WL 6600352, at *4 (N.D. Cal. Oct. 30, 2015) (dismissing ADA claim by prisoner who fell in shower that lacked grab bars where he was new to the facility and had not requested a shower with grab bars).

Mr. Armbrester's case citations are inapposite. In *Crowder v. Kitagawa*, 81 F.3d 1480 (9th Cir. 1996), the plaintiffs were seeking injunctive relief, not money damages. *See id.* at 1481. The standard that Mr. Armbrester cites from *Crowder* does not bear on the deliberate-indifference test at issue here that is required for ADA claims for money damages. *See, e.g.*, *Huezo v. L.A. Cmty. Coll. Dist.*, 672 F. Supp. 2d 1045, 1046 (C.D. Cal. 2008) ("Liability under the ADA . . . can be established without a showing of discriminatory intent. To recover compensatory damages, however, intentional discrimination must be proven.") (citing *Crowder*, 81 F.3d at 1483–84 and other cases). *Wakefield v. Thompson*, 177 F.3d 1160 (9th Cir. 1999), is an Eighth Amendment case for failure to treat a medical condition. *See id.* at 1161. The standard that Mr. Armbrester cites from *Wakefield* does not apply to the ADA, however, which "prohibits discrimination because of disability, not inadequate treatment for disability. 'The [ADA] would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners.'" *Simmons*, 609 F.3d at 1022 (internal brackets omitted) (quoting *Bryant*, 84 F.3d at 249).

To the extent that Mr. Armbrester is also claiming that the County violated the ADA by placing him in general population and not placing him in a cell or holding area away from general population,[15] his claim still fails, as this does not plead that he was denied a service, program, or activity or that he was discriminated against because of his disabilities. *Cf. Juarez v. Heyne*, No. 1:09-CV-00542-DLB PC, 2010 WL 3502535, at *1–2 (E.D. Cal. Sept. 2, 2010) (dismissing ADA claim by a blind prisoner that she was placed in general population with other inmates and holding

---

[15] *See id.* at 2 (¶ 8), 4 (¶ 18).

that her allegations "are not sufficient to state that the institution is denying Plaintiff a service, program, or activity provided by the institution").

## CONCLUSION

The court grants the County's motions to dismiss. Given that Mr. Armbrester has filed four complaints and has not pleaded a cognizable claim, the court holds that further amendment would be futile and dismisses Mr. Armbrester's TAC with prejudice.

**IT IS SO ORDERED.**

Dated: November 1, 2018

_____
LAUREL BEELER
United States Magistrate Judge